1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10   KASANDRA BATES, et al.,                    CASE NO. C14-1557JLR

11                       Plaintiffs,            ORDER DENYING MOTION
                                                AND STIPULATION TO
12          v.                                  BIFURCATE

13   STATE FARM MUTUAL
     AUTOMOBILE INSURANCE
14   COMPANY,

15                       Defendant.

16          Before the court are Defendant State Farm Mutual Automobile Insurance

17   Company's ("State Farm") motion to bifurcate (Mot. (Dkt. # 11)) and the parties'

18   stipulated motion to bifurcate (Stip. (Dkt. # 13)).  The parties seek to bifurcate Plaintiffs

19   Kasandra and Justin Bates' ("the Bates") contractual and extra-contractual claims and

20   stay discovery on the Bates' extra-contractual claims pending resolution of the Bates'

21   contractual claims.  (*See* Stip.)  State Farm argues that bifurcation will promote judicial

22   economy, be more convenient for the parties, and avoid jury confusion and prejudice to

1  State Farm.  (*See* Mot.)  The court has considered State Farm's motion, the parties'

2  stipulation, the balance of the record, and the relevant law.  Being fully advised, the court

3  denies the motion and the stipulation.

4        The decision to bifurcate is committed to the sound discretion of the trial court.

5  *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004).

6  The trial court's authority to bifurcate comes from Federal Rule of Civil Procedure 42(b),

7  which states that "[f]or convenience, to avoid prejudice, or to expedite and economize,

8  the court may order a separate trial of one or more separate issues, claims, cross-claims,

9  counterclaims, or third-party claims." Fed. R. Civ. P. 42(b).  Where an overlap of factual

10 issues exists between the claims, courts are reluctant to bifurcate the proceedings.

11 *McLaughlin v. State Farm Mut. Auto. Ins. Co.*, 30 F.3d 861, 871 (7th Cir. 1994).  Indeed,

12 if the preliminary and separate trial of an issue would involve extensive proof and

13 substantially the same facts or witnesses as the other issues in the cases, or if any

14 economy in time and expense is wholly speculative, the motion should be denied.  *See*

15 *Datel Holdings LTD. v. Microsoft Corp.*, No. C-09-05535 EDL, 2010 WL 3910344, at

16 *2-5 (N.D. Cal. Oct. 4, 2010).

17       Numerous courts have recognized substantial overlap between the issues of

18 coverage and bad faith, such that bifurcation of the issues would be inappropriate.

19 *Bloxham v. Mountain W. Farm Bureau Mut. Ins. Co.*, 43 F. Supp. 2d 1121, 1129 (D.

20 Mont. 1999); s*ee also Tharpe v. Ill. Nat'l Ins. Co.*, 199 F.R.D. 213, 214 (W.D. Ky. 2001);

21 *Light v. Allstate Ins. Co.*, 182 F.R.D. 210, 213 (S.D. W. Va. 1998).  In addition, this court

22 regularly hears insurance cases that involve both breach of contract claims and extra-

ORDER- 2

1  contractual claims regarding the insurer's failure to follow insurance regulations or act in

2  good faith.  *See Dees v. Allstate Ins. Co.*, No. C12-0483JLR, 2012 WL 3877708 (W.D.

3  Wash. Sept. 6, 2012) (denying motion to bifurcate in a case involving underinsured

4  motorist claims and extra-contractual claims); *see also, e.g.*, *Tilden-Coil Constructors,*

5  *Inc. v. Landmark Am. Ins. Co.*, 721 F. Supp. 2d 1007 (W.D. Wash. 2010); *Hovenkotter v.*

6  *Safeco Ins. Co. of Ill.*, No. C09-0218JLR, 2010 WL 3984828 (W.D. Wash. Oct. 11,

7  2010); *JACO Envtl., Inc. v. Am. Int'l Specialty Lines Ins. Co.*, No. C09-0145JLR, 2010

8  WL 415067 (W.D. Wash. Jan. 26, 2010).  Nothing in the complaint, the motion to

9  bifurcate, or the parties' stipulation compels the court to treat this case any differently.

10  Accordingly, the court DENIES State Farm's motion to bifurcate (Dkt. # 11) and the

11  parties' stipulated motion to bifurcate (Dkt. # 13).

12        Dated this 18th day of May, 2015.

13

14

15                                    _____

16                                    JAMES L. ROBART
                                       United States District Judge

17

18

19

20

21

22

ORDER- 3